[No. 1476.]

## WILLIAM SHEHANE *v.* THE STATE.

1. THEFT—PRACTICE.—Subject to statutory restrictions, the order and regulation of business in the trial courts is under their discretionary control, and not revisable on appeal when no prejudice to the appellant is shown. It was not error, therefore, despite objection by the defense, to proceed with a trial for theft during the postponement of a rape case for a day in order to complete the jury therein.
2. SAME—SUBSTITUTION OF AN INDICTMENT.—Article 434 of the Code of Criminal Procedure provides that an indictment may be substituted only when the original has been lost, mislaid, mutilated or obliterated. It being shown that the original indictment in this case was on file in the clerk's office in this court, where it was sent on a former appeal for the inspection of this court, which fact was within the knowledge of the parties, by whom it could have been obtained by taking proper steps, the original cannot be held to have been lost, mislaid, mutilated or obliterated, and a substitution thereof was unauthorized.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. Hood.

The indictment charged the appellant with the theft of a mare, the property of J. S. Peckham, in Tarrant county, Texas, on the thirtieth day of July, 1880. His trial resulted in his conviction, with his punishment affixed at a term of seven years in the penitentiary.

The transcript brings up no statement of facts. Otherwise the opinion of the court discloses the case.

*B. G. Johnson* and *Hovenkamp & Cumming,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, P. J. Two bills of exceptions saved by appellant on the trial below appear in the record. By the first it seems that a rape case had been called for trial, and the trial had progressed to a stage where it became necessary to have talesmen summoned to complete the jury in said case. To enable the sheriff to summon these talesmen, the court postponed the rape case

for a day, suspending all proceedings therein. During the interval this case was called, and the defendant objected to being tried while the rape case was pending, because to try him under the circumstances would be in effect to call the case out of its regular order on the docket, which, it is contended, was not allowable in law.

This precise question was made in *Jones* v. *The State,* 8 Texas Court of Appeals, 648. It was said: "Whether, after a trial has actually been commenced under the circumstances here presented, and a postponement to a future day becomes necessary, the court may take up and dispose of other business during the interval, is, we are of opinion, a matter entirely discretionary with the court, and one which will not be revised unless it is shown that the party complaining has been injured thereby. No injury is shown in this case. We see no reason why the court should not, with the same propriety, where an unavoidable delay of days occurs, take up and dispose of any other business just the same as it is authorized to take up and dispose of other business during the retirement of a jury in ordinary cases. (Code Crim. Proc., Art. 704.) The order and direction of the business of the court is under the control and in the discretion of the court, except where the rules of procedure and practice are prescribed by statute." We see no error in the ruling of the court upon this question.

In the second bill of exceptions the matter submitted is the correctness of the ruling of the court in permitting the district attorney, after announcement of ready for trial, and over objections of defendant, to substitute the indictment by a certified copy of the same. Whilst it is recited, both in the judgment and bill of exceptions, that a motion to substitute the indictment was made by the district attorney, such written motion is not copied into the record, as should have been done in order that we might judge of its sufficiency and the grounds stated, from the motion itself. However, we gather from the bill of exceptions and recitals in the judgment that there had been a former trial of this case, which having resulted in a conviction an appeal to this court was taken by defendant, who, in order that some question relating thereto might be determined by us from an inspection of the original, procured the court to order said original indictment to be sent up with the record to this court. That the same had not been returned to the district court after the appeal was disposed of, but still remained in the clerk's office

of the Court of Appeals at the Austin branch. Under what circumstances and for what causes an indictment may be substituted must be determined alone by the statute, which provides that "when an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court, and the same shall be entered upon the minutes of the court, and in such case another indictment or information may be substituted, upon the written statement of the district or county attorney that it is substantially the same as that which has been lost, mislaid, mutilated or obliterated." (Code Crim. Proc., Art. 434; Clark's Crim. Law, p. 427 and note.)

We are aware of no other grounds for substitution than those named in the statute, viz., that the original is "lost," "mislaid," "mutilated" or "obliterated." One of these grounds was the basis, we presume, of the motion to substitute made by the district attorney. If so, which one of the grounds? Not that it was "lost," surely! because the word "lost" implies "something that is parted from unwillingly; unintentionally rid of; not to be found; missing." There was no hint, pretense or suggestion that it was or had been "mutilated" or "obliterated." That it was "mislaid" must then have been the ground for the motion. Was it "mislaid?" Mr. Webster thus defines mislaid: "To lay in the wrong place; to lay in a place not recollected; to lose." But the original indictment was not, as we have seen, "mislaid," because the parties knew where it was; they knew it was where they themselves had sent it, and they knew it could be had by taking the proper steps.

Unless in the cases expressly provided for in the statute cited, the original indictment found and returned by the grand jury is, in felony cases, essential to the validity of the trial and conviction. And the constitutional guarantee that no person can be held to answer in such cases unless on indictment of a grand jury (Const., art. 1, sec. 10), means nothing less than that the identical indictment so found and returned must be used, unless it is "lost," "mislaid," "mutilated" or "obliterated."

Because the record fails to show any authority by which defendant was tried and convicted upon a substituted indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 28, 1883.